UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSEI GRITSENKO,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　Respondent. | Case No.: 25cv899-LL-JLB<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITIONS FOR MOOTNESS**<br><br>[ECF No. 10] |

Before the Court is Respondent's Motion to Dismiss Aleksei and Diana Gritsenko's (collectively "Petitioners") Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 for mootness ("Motion"). ECF No. 10. Respondent attests that Petitioners were released from detention on June 5, 2025. ECF No. 10-1, Declaration of Fernando Valenzuela, ¶¶ 8–9; *see also* ECF No. 10-2.

The Court finds that Petitioners' actions are now moot. When Petitioners filed their habeas petitions, they sought to be released from immigration detention. Now that Petitioners have been released from custody, the Court is without power to grant the relief requested and the Petitions are therefore moot. *Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (citation omitted) ("If it appears that we are without power to grant the

1  relief requested, then this case is moot."); *see also Spencer v. Kemna*, 523 U.S. 1, 7 (1998)
2  (noting that a petition can become moot if it no longer presents a case or controversy under
3  Article III, Section 2, of the Constitution by reason of lacking an actual injury traceable to
4  a defendant that is capable of being redressed by a favorable judicial decision).
5  Accordingly, the Court **GRANTS** Respondent's Motion and **DISMISSES** the Petitions **as**
6  **moot**. The Clerk of Court is **DIRECTED** to close these consolidated cases.

   **IT IS SO ORDERED**.

Dated: June 27, 2025

_____
Honorable Linda Lopez
United States District Judge